**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| **JESSICA STOUT HUDDLESTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO: 3:19-cv-1545** |
| **v.** | ) | |
| | ) | |
| **BOWLING GREEN INN OF** | ) | **JURY DEMAND** |
| **PENSACOLA, LLC d/b/a TWELVE** | ) | |
| **OAKS RECOVERY CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND**
**MOTION TO COMPEL PLAINTIFF'S IN PERSON DEPOSITION**

---

Bowling Green Inn of Pensacola, LLC d/b/a Twelve Oaks Recovery Center ("Twelve Oaks") opposes Plaintiff's Motion for a Protective Order because she has failed to show good cause to avoid having her deposition taken in person in the forum she chose for this litigation. Moreover, contrary to Plaintiff's claims in her motion, Twelve Oaks is not seeking to harass Plaintiff but instead desires to serve its legitimate interests in being able to depose Plaintiff in person in order to gauge her demeanor and veracity as well as to avoid the difficulty and confusion associated with finding a court reporter in a foreign country and examining Plaintiff on dozens of documents via telephone.  Twelve Oaks further moves the Court to compel Plaintiff to appear in person for a deposition within the area of Pensacola, Florida.[1]  Twelve Oaks has a right to depose Plaintiff in the forum she selected for this action—a choice made *after* Plaintiff already knew of her move to Germany and which she failed to disclose to Twelve Oaks for three months after filing her lawsuit—and Plaintiff has not presented good cause to supersede that right.

---

[1] Twelve Oaks would also be willing to take Plaintiff's deposition in Nashville, Tennessee if Plaintiff would prefer that location.

## FACTUAL BACKGROUND

Plaintiff filed her lawsuit on May 28, 2019, alleging that the termination of her employment as Twelve Oaks's business director on September 13, 2018 was unlawfully motivated by her pregnancy.  Compl. at ¶¶ 6–9, ECF No. 1.  In the Complaint, Plaintiff states that she is "a resident of Okaloosa County, Florida" and makes no reference to any move to Germany.  *Id.* at ¶ 1.  At the time she filed her Complaint, however, Plaintiff had either already moved to Germany or had at least known she was moving to Germany for over a month.

Although she does not state precisely when she moved to Germany, it is apparent that Plaintiff received notice of her husband's transfer on or around April 24, 2019, over a month before she initiated this lawsuit on May 28, 2019.  *See* Exhibit A to Mot. for Protective Order, Authorization for DOD Civilian Change of Station, ECF No. 15 (dated 2019-04-24 and showing transportation agreement signed 2019-04-23).  Not only did Plaintiff fail to mention this move in her Complaint, but she and her counsel also did not disclose it during the Rule 26(f) conference on July 10, 2019, Rule 26(f) Report, ECF No. 13, or in her subsequent initial disclosures.  *See* Exhibit A, Plaintiff's Initial Disclosures (listing Plaintiff's counsel's address for Plaintiff).

Twelve Oaks first learned of Plaintiff's move to Germany during a phone call with Plaintiff's counsel on August 16, 2019, after having requested Plaintiff's availability for a deposition three weeks earlier via email on July 24, 2019.  *See* Exhibit B, Email Requesting Deposition Dates; Exhibit C, Conrad Declaration, ¶ 3.  During the August 16 phone call, counsel for Twelve Oaks indicated that Twelve Oaks still wanted to take Plaintiff's deposition in the Pensacola, Florida area since that was where Plaintiff had filed her lawsuit but was also willing to take the deposition in Nashville, Tennessee where counsel is located.  *See* Exhibit C, Conrad Declaration, ¶ 4.  Twelve Oaks did not hear from Plaintiff or her counsel again regarding her

deposition until nearly three months later on November 13, 2019, when Twelve Oaks's counsel called Plaintiff's counsel and again requested to schedule an in person deposition in the United States, a request which Plaintiff's counsel refused.  *See* Exhibit C, Conrad Declaration, ¶ 5.

Plaintiff subsequently filed the present motion for a protective order without attempting to reach a mutually agreeable compromise.  Mot. for Protective Order, ECF No. 15.

## LAW AND ARGUMENT

Plaintiff has failed to meet her burden of demonstrating with specificity the requisite good cause necessary to deviate from the standard practice of examining a plaintiff in person in the forum in which she brought her lawsuit.  Accordingly, her motion should be dismissed and Plaintiff ordered to appear in person in Pensacola, Florida for her deposition.

"The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum."  *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005).  The Northern District of Florida has codified this general rule in Local Rule 26.1(B), which states: "Unless the Court orders otherwise for cause, (1) a party who asserts a claim for affirmative relief—other than costs and attorney's fees—can be required to appear once in this District for a deposition."  N.D. Fla. R. 26.1(B).  Therefore, Plaintiff must appear in Pensacola for her deposition in compliance with Local Rule 26.1(B) unless she demonstrates "good cause" to this Court for deviating from that rule.  *See Larry E. Hogue v. John H McHugh, Sec'y, Dep't of the Army*, 2012 WL 13064092, *2 (S.D. Fla. Dec. 3, 2012).  Plaintiff has failed to show such good cause.

"To make a showing of good cause, the movant has the burden of showing the injury 'with specificity.'"  *Trinos v. Quality Staffing Services Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (quoting *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000)).  "Broad allegations of harm,

unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* In her one-page motion, however, Plaintiff only cites vague references to financial hardship and the emotional burden of being away from her child to support her position. Mot. for Protective Order, ECF No. 15. She fails to articulate with any specificity how traveling from Germany to Pensacola, Florida for two or three days to attend her deposition would in fact cause such hardship or distress. She includes no information concerning her present wealth or income, any medical records indicating that she would suffer any kind of actual harm by being apart from her child for a few days, or any explanation why she cannot travel with her child. She also has not addressed the prejudice that would result to Twelve Oaks, instead assuming that a telephone deposition is "just as good" as a live deposition, a premise and surmise with which Twelve Oaks disagrees. Accordingly, she has failed to make the requisite good cause showing to overcome this Court's Local Rule and the general practice of all federal courts that a Plaintiff must appear for an in person deposition in the forum she chose. *See Triple7vaping.com, LLC v. Cugle*, 2017 U.S. Dist. LEXIS 62055, *3 (S.D. Fla. Apr. 6, 2017) ("[T]he burden of travel on [plaintiff's] limited finances and childcare responsibilities . . . are not good cause to deviate from the general rule that a plaintiff must appear for deposition in the forum he selected."); *Curry v. HSBC N. Am. Holdings, Inc.*, 2015 U.S. Dist. LEXIS 108136, *5–7 (M.D. Fla. Aug. 17, 2015) (finding the plaintiff's assertions of "financial hardship" in traveling from Florida to North Carolina did not overcome the Middle District of Florida Local Rule that a non-resident plaintiff may be deposed in the district where the case is located); *see also Dude v. Cong. Plaza, LLC*, 2018 U.S. Dist. LEXIS 31924, *3–5 (S.D. Fla. Feb. 20, 2018) (denying Plaintiff's motion for protective order to the extent he sought to appear at his deposition remotely from Germany and ordering him to attend his deposition in person in the district where he filed suit).

In contrast to Plaintiff's lack of any specific harm justifying her being excused from appearing for her deposition in person, ordering Plaintiff's deposition be conducted by telephone would substantially and unfairly prejudice Twelve Oaks.  For example, the telephonic deposition demanded by Plaintiff would deny Twelve Oaks the ability to gauge Plaintiff's demeanor or judge her reactions to certain questions and documents.  *See Dude*, 2018 U.S. Dist. LEXIS 31924 *6 (finding the defendants would be unfairly prejudiced "if they were unable to test the credibility and substantive responses of Plaintiff at his deposition"); *see also Anderson v. Dawson*, 2011 U.S. Dist. LEXIS 42583, *16 (N.D. Fla. Mar. 9, 2011) ("[A] telephone deposition is not the same as a deposition in person. A deposition in person allows counsel for Defendants and Defendants themselves to assess the demeanor of Plaintiff and weigh their chances of success at trial. . . .  Further, a deposition in person gives counsel for Defendants a better chance to see the Plaintiff as he testifies and to evaluate his body language.").  Further, a remote deposition would hinder Twelve Oak's efforts to elicit honest admissions from Plaintiff, and make it difficult if not impossible for Twelve Oaks's counsel to organize the dozens of documents in such a way that provides the flexibility necessary to effectively question Plaintiff while ensuring that Plaintiff is in fact examining the correct document.  *See Kean v. Bd. of Trs. of the Three Rivers Reg'l Library Sys.*, 321 F.R.D. 448, 452–53 (S.D. Ga. 2017) (detailing the myriad prejudices to the defendant from a remote deposition of the plaintiff in a case involving the review of documents, including obtaining admissions from the plaintiff and being able to effectively examine the plaintiff on documents) (citing 3 Bus. & Com. Litig. Fed. Cts. § 24:13 (4th ed. 2016)).  It would likewise remove all safeguards that Plaintiff is not improperly viewing notes or receiving signaled answers, and it would require Twelve Oaks to figure out how to schedule a court reporter in Germany for the deposition.  *See id.* at 453 ("A remote deposition

offers no guarantees or safeguards against improper conduct by the witness such as crib notes or signaled answers."). Credibility and demeanor of witnesses are important in most cases, but it is particularly important here because Twelve Oaks's legitimate reason for offering to demote and ultimately terminating Plaintiff was her poor treatment of and attitude towards her subordinates. It is all these prejudices to Twelve Oaks's case, not any desire to harass or burden Plaintiff, that motivates Twelve Oaks to insist upon an in person deposition in Plaintiff's chosen forum.

Further weighing against granting the protective order is that it is Plaintiff's own delay and inflexibility that has caused the present impasse. Twelve Oaks has been requesting Plaintiff's availability for a deposition since July 24, 2019—nearly five months before the close of discovery. Throughout this time, Twelve Oaks has been willing to be flexible in terms of the timing and location of Plaintiff's deposition to simplify Plaintiff's travel or perhaps coincide with a trip that Plaintiff may have already been taking to the United States. This flexibility is why Twelve Oaks has not unilaterally set Plaintiff's deposition. Plaintiff, however, first failed to disclose she was in Germany for three months—hindering any chance for a potential compromise arrangement—and then subsequently refused to offer any alternative other than taking her deposition via telephone. She has simply demanded that she be permitted to take her deposition by phone or not at all.

Plaintiff knew of her move to Germany and knew of this Court's local rules when she elected to file her lawsuit in this district. Permitting Plaintiff to file her suit in this district and subsequently avoid her obligation to appear for her deposition in the forum she selected without providing any specific good cause for the refusal would reward Plaintiff for evasive and obdurate behavior while unfairly prejudicing Twelve Oaks.

## CONCLUSION

For the forgoing reasons, Twelve Oaks requests the Court deny the motion for a protective order and compel Plaintiff to appear for a deposition in person in or around Pensacola, Florida.

/s/ _ Mark W. Peters _____ _____
Mark W. Peters
Frederick L. Conrad III (admitted *pro hac vice*)
WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Post Office Box 198966
Nashville, Tennessee  37219-8966
Phone: 615-244-6380
mark.peters@wallerlaw.com
trip.conrad@wallerlaw.com

*Counsel for Bowling Green Inn of Pensacola, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via the Court's ECF system upon:

Gary E. Smith, Esq.
Spencer Scott PLLC
501 Fort Pickens
Pensacola, FL 32561
Telephone: (850) 637-2501
Facsimile: (866) 226-5773
E-mail: gsmith@spencerscottlaw.com

this 1st day of December, 2019.

 s/ Frederick L. Conrad III  _____
OF COUNSEL

4842-1245-8157.1