**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

JESSICA STOUT HUDDLESTON,

        Plaintiff,

 v.

                                     Case No.  3:19-cv-1545-MCR/MJF

BOWLING GREEN INN
OF PENSACOLA, LLC,

        Defendant.

                                            /

## **ORDER**

This case is before this court on Plaintiff's motion for a protective order and Defendant's motion to compel Plaintiff's deposition. For the reasons set forth below, this court will deny both motions.

## I.    Background

On May 28, 2019, Plaintiff initiated this action under Title VII of the Civil Rights Act of 1964. She alleges disparate treatment on the basis of her sex. At the time Plaintiff filed her complaint, she alleged that she was a resident of Okaloosa County, Florida. At some point, she moved to the Federal Republic of Germany when her husband's employment resulted in his relocation there. Defendant's principal place of business is Florida.

Page 1 of 15

Defendant seeks to depose Plaintiff in the Northern District of Florida. Plaintiff, who is the mother of an infant child, seeks a protective order that would allow Defendant to depose her telephonically, but would protect her from any requirement to travel to the Northern District of Florida for a deposition. Plaintiff argues that a "deposition by telephone will work no conceivable harm on Defendant's ability to gather all discoverable information and evidence" and Defendant seeks a deposition in the Northern District "purely for the purposes of harassment and to inflict undue burden on Plaintiff." (Doc. 15). She further contends that holding a deposition in Florida will "work a great financial hardship on Plaintiff because of the travel expenses and time away from her infant will be emotionally and financially burdensome. Traveling to Pensacola will be virtually impossible." (*Id.*).

Defendant argues that Plaintiff "failed to show good cause to avoid having her deposition taken in person in the forum she chose for this litigation." (Doc. 17 at 1). Defendant seeks "to depose Plaintiff in person in order to gauge her demeanor and veracity as well as to avoid the difficulty and confusion associated with finding a court reporter in a foreign country and examining Plaintiff on dozens of documents via telephone." (*Id.* at 1).

## II.     Discussion

### A.     <u>Plaintiff's Motion for a Protective Order</u>

The "Federal Rules of Civil Procedure specifically give a party the right to question a witness by oral deposition." *Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 599 (3d Cir. 1980); *Colonial Times, Inc. v. Gasch*, 509 F.2d 517, 521 (D.C. Cir. 1975) ("As a general proposition each party to a civil law suit has the right to take depositions of the other party, absent a protective order entered by the trial judge."). Under Rule 30(a)(1), a "party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1).

The Federal Rules of Civil Procedure, however, do not mandate a particular situs for a deposition. *See Salve Regina College v. Russell*, 499 U.S. 225, 236, 111 S. Ct. 1217, 1223 (1991) ("The civil rules do not specify the place for deposing a party . . . ."). This allows for greater flexibility and empowers the parties and their attorneys to arrive at an agreement on the situs. The Local Rules for the Northern District of Florida provide some guidance to parties in that one such Rule requires any party that seeks affirmative relief in this District to submit to a deposition in this District. Local Rule 26.1(B)(1) provides:

> (B) **Place of Depositions.** Unless the Court orders otherwise for cause,
>
> (1) a party who asserts a claim for affirmative relief—other than costs and attorney's fees—can be required to appear once in this District for a deposition . . . .

N.D. Fla. Loc. R. 26.1(b)(1). This Rule obviously admits of exceptions, however, insofar as the Rule is prefaced by the notation that "for cause" this court may order otherwise. *Id.*

Furthermore, Rule 26(c) of the Federal Rules of Civil Procedure provides that a court "for good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). A party seeking a protective order bears the burden of establishing good cause. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001); *Landry v. Air Line Pilots Ass'n Int 7 AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). Under the "good cause" standard, the court must balance the competing interests of the parties. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *see Cazorla v. Koch Foods of Mississippi, L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016). Trial courts have broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 2209 (1984).

A district court also enjoys "great discretion in designating the location of taking a deposition." *Thompson v. Sun Oil, Co.*, 523 F.2d 647, 648 (8th Cir. 1975) (per curiam); *see Afram Export Corp.*, 772 F.2d at 1365 (noting a district court's broad discretion to set the location of a deposition); *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981) (holding that a "district judge has discretion to direct the place of a deposition"). In exercising its discretion, a court must consider relevant facts and circumstances. *See DeepGulf, Inc. v. Moszkowsi*, 330 F.R.D. 600, 609-11 (N.D. Fla. 2019) (noting some of the factors a court should consider in exercising its discretion concerning setting the location of a deposition).

This court has considered the competing interests of the parties and the factors discussed by the parties, including the following factors, among others:

***The presumption that a plaintiff should submit to a deposition in the forum district.*** Plaintiff chose to initiate this civil action in the Northern District of Florida. "There is a principle that a plaintiff having selected a particular forum for the adjudication of his case should be prepared to answer a notice of deposition in that locality." *Ellis Air Lines v. Bellanca Aircraft Corp.*, 17 F.R.D. 395, 396 (D. Del. 1955). A plaintiff "should expect to be deposed in the forum where the action is pending." *Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565, 566 (S.D. Fla. 2013); *Plant v. Merrifield Town Center Ltd. P'ship*, 711 F. Supp. 2d 576, 589 n.9 (E.D. Va. 2010) ("barring exceptional circumstances, plaintiffs must be available for a deposition in

the district in which the action was brought"); *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989) ("[A] plaintiff must generally submit to deposition in the district where he has commenced litigation."). Indeed, "courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there." *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010); *Instituto Per Lo Sviluppo Economico Dell' Italia Meridionale v. Sperti Prods. Inc.*, 47 F.R.D. 530, 533 (S.D.N.Y. 1969) ("Ordinarily, a defendant is entitled to examine a plaintiff in the forum where plaintiff has chosen to sue.").

"Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum. The defendants, on the other hand, are not before the court by choice." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). "Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances" from their location. *Id.*; *see Levick v. Steiner Transocean, Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005) ("The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum."); *Grey v. Cont'l Mktg. Assocs., Inc.*, 315 F. Supp. 826, 832 (N.D. Ga. 1970) (holding that because plaintiffs "selected the forum" they " may therefore be called upon to present themselves at that place for the taking of their depositions").

***The site chosen by the party initiating the deposition.*** Although a party seeking to depose a witness does not possess an absolute right to choose any location for a deposition, "the party taking the deposition usually selects the place where the deposition will be conducted." *Reid v. Temple Univ. Hosp., Inc.*, 329 F.R.D. 531, 532 (E.D. Pa. 2019). Courts have held that, in the first instance, "'the party noticing the deposition usually has the right to choose the location . . . .'" *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (quoting 7 Moore's Federal Practice—Civil § 30.20); *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988) (The party initiating the deposition "may unilaterally choose the place for deposing an opposing party . . . . "). Courts, therefore, give some weight to the location selected by the party conducting the deposition, especially if the location selected also is within the district and division in which the plaintiff initiated the action.

***Alleged financial hardship to Plaintiff.*** Courts also must consider whether conducting a deposition in a particular location will entail a substantial hardship to one of the parties or the deponent. Accordingly, this court considered Plaintiff's claim that a deposition in Florida "will work a great financial hardship on Plaintiff." Indigence, however, normally will not relieve a plaintiff of the duty to submit to a deposition in the forum district. *See Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591-92 (7th Cir. 1992) (holding that serious financial hardship was insufficient to overcome the presumption that a plaintiff's deposition may be taken

within the forum district); *Gen. Leasing Co. v. Lawrence Photo-Graphic Supply*, 84 F.R.D. 130, 131 (W.D. Mo. 1979). A plaintiff generally is required to bear any reasonable burden or inconvenience that the civil action presents. *Buzzeo*, 178 F.R.D. at 392. A plaintiff "has not only taken the volitional step of initiating the lawsuit or claim, he or she stands to gain a substantial monetary sum and/or other beneficial relief as a result of suing a defendant." *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999). "A plaintiff, therefore, cannot invoke the mere fact inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim." *Id.*

Furthermore, any litigant who seeks a protective order to preclude a deposition in a particular place, must establish *with evidence* an inability to attend a deposition at that place or the probability of suffering a substantial hardship beyond the ordinary inconvenience that any deposition necessarily entails. "Broad allegations of harm unsubstantiated by specific examples or articulated reasoning" are insufficient. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) (holding that "a naked conclusory statement" asserting hardship "falls woefully short of the kind of showing" required by the Federal Rules). A mere assertion of indigence will not suffice. *DeepGulf, Inc.*, 330 F.R.D. at 609; *de Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 159 (D.P.R. 1973)

(noting that when asserting that a deposition in a particular location will result in a financial hardship it "is not sufficient that plaintiff's attorneys make naked assertions with respect to the financial and hardship conditions faced by" plaintiff). Furthermore, in assessing relative hardships, a court must take into consideration any hardship that the non-moving party may suffer if a protective order is granted. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973).

Plaintiff failed to demonstrate that her financial condition or the fact that she has an infant precludes her from traveling to the Northern District of Florida. She failed to provide any affidavits regarding her financial status, the extent of her household income and expenses, the extent of her financial assets and savings, whether she could obtain a loan to pay for the flight, and other relevant information. When the Federal Rules assign an evidentiary burden to a party, conclusory statements will not suffice to carry that burden. *See United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) ("The burden is upon the movant to show the necessity of" a protective order, which "contemplates a particular and specific demonstration of fact as distinguished from . . . conclusory statements.").

***Plaintiff's proposed alternative to an "in person" deposition.*** This court also considered the only alternative proposed by Plaintiff: a telephonic deposition. Relatively unimportant witnesses typically can be deposed telephonically or via

Page 9 of 15

videoconference without causing prejudice to either party.[1] But Plaintiff is not a mere witness. She is the party alleging intentional discrimination on the basis of her sex, and her testimony likely will be a key piece of evidence for both parties. If feasible, a defendant generally should be afforded an opportunity to depose such a plaintiff in person. Sometimes exceptional cases arise when that is not possible. But Plaintiff has not set forth sufficient evidence indicating that this is one of those exceptional cases.

Courts have noted that telephonic depositions—although sometimes necessary—are disfavored when the deponent is a party in a case potentially involving issues of the deponent's credibility. *See Kean v. Bd. of Trs. of the Three Rivers Reg'l Library Sys.*, 321 F.R.D. 448, 452-53 (S.D. Ga. 2017). Remote depositions preclude in-person confrontation and the assessment of the deponent's demeanor, affect, non-verbal responses, and facial expressions. *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602 (D. Kan. 2012) (noting that telephone deposition "deprives the opposing party of the opportunity to evaluate the deponent's nonverbal responses and demeanor" and "denies the opportunity for face-to-face confrontation of the party being deposed"). These can be highly relevant to judging a witness's credibility. *Black v. Larimer Cty.*, 722 F. App'x 763, 768 (10th Cir. 2018) (noting the importance of conducting a deposition "in person" so that the party could observed the witness's "demeanor for

---

[1] The parties did not propose or discuss a video deposition. This court, therefore, does not address that possibility.

purposes of judging her credibility"); *Mill-Run Tours, Inc.*, 124 F.R.D. at 549 (noting

the importance of observing the demeanor of the deponent to "evaluate his credibility

in anticipation of trial").[2]

Telephonic depositions also do not allow the parties to ascertain whether

someone is coaching the deponent or providing the deponent with answers to the

questions posed. Telephonic depositions also complicate the process of displaying

exhibits to a deponent—particularly in complex cases or those involving voluminous

documents—and can lead to confusion if the interrogator and deponent fail to remain

synchronized in their examination of exhibits. *See United States v. One Gulfstream G-*

*V Jet Aircraft Displaying Tail Number VPCES*, 304 F.R.D. 10, 17 n.4 (D.D.C. 2014)

(noting that "telephonic depositions are disfavored because it is impossible to see the

witness's demeanor, watch what documents the witness is reviewing, or monitor who

else the witness is talking with"); *Schockey*, 280 F.R.D. at 602 ("Telephone depositions

may also make it more difficult when the testimony requires the deponent to examine

---

[2] Of course, a party's mere desire to observe a party's demeanor is insufficient to preclude a telephonic deposition, particularly one involving a witness of lesser importance. *See Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 77 (E.D. Pa. 2005) (noting that a "desire to observe the deponent's demeanor during the deposition" in itself does not "does not amount to good cause" for denying a request to conduct a telephonic deposition). "[T]elephonic depositions inherently lack face-to-face questioning, and to deny a request to conduct a telephonic deposition solely because of the opponent's inability to observe the witness would be tantamount to repealing Fed. R. Civ. P. 30(b)(7)." *Cressler v. Neuenschwander*, 170 F.R.D. 20, 22 (D. Kan. 1996).

numerous, lengthy, or complex documents."). "Further, experienced questioners find that witnesses (and particularly adverse or hostile witnesses) will more readily yield admissions to a live questioner." 3 BUSINESS AND COMMERCIAL LITIGATION IN FEDERAL COURTS § 24:13 (4th ed. 2016). Of course, none of these adversities precludes parties from successfully conducting telephonic depositions, but in this case, these complications are one factor this court should consider.

In light of these and the other factors identified by the parties, it is apparent that Plaintiff has failed to carry her burden of demonstrating good cause for a protective order that precludes a deposition in the Northern District of Florida.

## B.   Defendant's Motion to Compel Plaintiff's Deposition in Florida

"A party has a general right to compel any person to appear at a deposition . . . ." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) (citing Fed. R. Civ. P. 30(a)). More specifically, "each party to a civil law suit has the right to take depositions of the other party, absent a protective order entered by the trial judge." *Colonial Times, Inc.*, 509 F.2d at 521; *see Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) (observing that "under Rule 30 any person's testimony may be taken by deposition"); *Nat'l Life Ins. Co.*, 615 F.2d at 599 ("The Federal Rules of Civil Procedure specifically give a party the right to question a witness by oral deposition."). The right to take depositions is a "broad"

one because depositions are such an important tool of discovery. *See Credit Lyonnais, S.A. v. SGC Intern., Inc.*, 160 F.3d 428, 429 (8th Cir. 1998).

Rule 30(b)(1) states: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition . . . ." Fed. R. Civ. P. 30(b)(1). Thus, to initiate a deposition of an opposing party, the deposing party must first notice the deposition by serving the notice on the opposing party. *See Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) ("The only requirement is that the party be 'served with proper notice' of the deposition beforehand."). "If a person is a party, a simple notice of deposition is sufficient to compel attendance . . . ." *Jules Jordan Video, Inc.*, 617 F.3d at 1158; *Peitzman v. City of Illmo*, 141 F.2d 956, 960 (8th Cir. 1944) ("Service of the notice upon the attorney for defendants was all that was required to make it incumbent upon the parties to appear."); *Collins v. Wayland*, 139 F.2d 677, 678 (9th Cir. 1944) ("The notice for taking appellant's deposition was a proper notice and was properly served. It is immaterial, if true, that no subpoena was served on appellant, for he was a party, and therefore no subpoena was necessary.").

To be efficacious, however, the notice must be "reasonable" and must inform the opposing party of the date, time, and location of the deposition with sufficient time for compliance. *See Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 173 (4th Cir. 2014) (holding that a deposition notice was unreasonable

when it was provided only five days before the deposition); *Mims v. Cent. Mfrs. Mut. Ins. Co.*, 178 F.2d 56, 59 (5th Cir. 1949) (holding that deposition notices were unreasonable when they called "the taking of depositions of numerous witnesses on the same date, in scattered localities across the continent").

Before a party can move to compel a deposition, it first must show that it served notice of the deposition on the opposing party and that the opposing party failed to attend. *Nuskey v. Lambright*, 251 F.R.D. 3, 12 (D.D.C. 2008) (denying a motion to compel when the witness did not receive written notice stating the time and the place of the deposition). "Absent evidence that the witnesses at issue were given reasonable written notices stating the time and place of their depositions, as required by Rule 30(b)(1), or that they failed to comply with subpoenas compelling their attendance, pursuant to Rule 45, the Court has no authority to compel witnesses, including the parties, to attend any depositions." *Pegoraro v. Marrero*, 281 F.R.D. 122, 128 (S.D.N.Y. 2012); *Siegel v. Truett-McConnell Coll., Inc.*, 13 F. Supp. 2d 1335, 1337 (N.D. Ga. 1994) ("The court has no evidence before it that proper notice was given for any of defendants' witnesses to appear at a deposition. The notice required for depositions is well-defined in the Federal Rules of Civil Procedure, Rule 30(b)(1) and (2). Without proper notice there can be no failure to appear."), *aff'd on other grounds*, 73 F.3d 1108 (11th Cir. 1995).

In its motion to compel, Defendant does not allege that it provided Plaintiff with written notice of the date and location of her deposition, and Plaintiff then failed to attend. Therefore, Defendant's motion to compel Plaintiff's deposition is premature. Because this court has denied Plaintiff's motion for a protective order, counsel for the parties should confer regarding the date, time, and location of Plaintiff's deposition. If the parties cannot reach an agreement, Defendant may notice Plaintiff's deposition at a date and time that provides Plaintiff adequate notification in light of the distance she must travel.  If Plaintiff then fails to attend her deposition on the noticed date, Defendant may move to compel Plaintiff's deposition.

## III.   Conclusion

For the reasons set forth above, Plaintiff's motion for a protective order is denied without prejudice and Defendant's motion to compel is denied without prejudice.

**SO ORDERED** this 18th day of December, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**